UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH RAYMOND MCCOY,<br><br>    Plaintiff,<br><br>    v.<br><br>KATHILEEN ALISON, et al.,<br><br>    Defendants. | Case No. 1:22-cv-00234-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF BE REQUIRED TO PAY THE $402.00 FILING FEE IN FULL<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

**I.    BACKGROUND**

Plaintiff Joseph Raymond McCoy ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action. Plaintiff initially filed the complaint on February 18, 2022, in the United States District Court for the Northern District of California. (ECF No. 1.) The case was transferred to this District on February 23, 2022. (ECF No. 3.) Plaintiff did not pay the filing fee or file an application to proceed *in forma pauperis*.

As the Court finds that Plaintiff had at least three "strikes" prior to filing the action and that Plaintiff was not in imminent danger of serious physical injury at the time he filed the action, the Court will recommend that Plaintiff be required to pay the $402 filing fee in full if he wants to proceed with the action.

///

1

## II. THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it . . .. This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citation omitted). *See also O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008) ("no 'particular formalities are necessary for an order that serves as the basis of [an involuntary] dismissal.'") (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 986-87 (9th Cir. 1999)) (alteration in original).

## III. ANALYSIS

   a. <u>Strikes</u>

Plaintiff initiated this action on February 18, 2022. (ECF No. 1.) The Court finds that, prior to this date, Plaintiff had at least three cases dismissed that count as "strikes."

The Court takes judicial notice of the following cases, each of which counts as a "strike":

(1) *McCoy v. Roe*, Case No. 2:01-cv-01916-UA-AJW (C.D. Cal.) (dismissed on February 13, 2002 as frivolous and for failure to state a claim);

(2) *McCoy v. Schwarzenegger*, Case No. 1:04-cv-05954-AWI-WMW (E.D. Cal.) (dismissed on August 15, 2009 for failure to state a claim);

(3) *McCoy v. Alameida*, Case No. 1:03-cv-06925-MHM (E.D. Cal.) (dismissed on February 12, 2009 for repeated violations of Federal Rule of Civil Procedure 8(a));

(4) *McCoy v. Roe*, Case No. 2:03-cv-02393-VAP-AJW (C.D. Cal.) (dismissed on June 30, 2011 for failure to state a claim);

(6) *McCoy v. Phillips* (C.D. Cal.) (dismissed on March 28, 2016 as frivolous); and

///

(7) *McCoy v. Phillips*, Case No. 16-56002 (9th Cir.) (dismissed on February 27, 2017 as frivolous).

The Court also notes that Plaintiff has previously been found to have incurred three or more strikes. *See McCoy v. Brown,* Case No. 1:18-cv-00545-AWI-BAM (E.D. Cal. Feb. 4, 2019) (denying IFP because plaintiff is a three-strikes litigant pursuant to § 1915(g)).

Based on the foregoing, the Court finds that Plaintiff had at least three "strikes" prior to filing this action.

      b. Imminent Danger

As Plaintiff had at least three "strikes" prior to filing this action, Plaintiff is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was filed, in imminent danger of serious physical injury. The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado,* 157 F.3d 1226, 1231-32 (10th Cir. 1998). *See also Martin*, 319 F.3d at 1050 ("[C]onclusory assertions" are "insufficient to invoke the exception to § 1915(g)…."). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat … is real and proximate." *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002).

Additionally, "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g). In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury. The three-strikes litigant must meet both

requirements in order to proceed [*in forma pauperis*]." *Stine v. Fed. Bureau of Prisons*, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 298-99 (2d Cir. 2009)).

Because Plaintiff is *pro se*, in making the imminent danger determination the Court must liberally construe Plaintiff's allegations. *Andrews*, 493 F.3d at 1055 (9th Cir. 2007).

Plaintiff's complaint challenges the California Department of Corrections and Rehabilitation's ("CDCR") "Non-Designated Programming Facility" as an "underground regulation" in violation of the Administrative Procedures Act. (ECF No. 1.) Plaintiff is incarcerated at California Substance Abuse Treatment Facility in Corcoran, California. (*Id.*) Defendants are allowing Plaintiff to be transferred from general population to a sensitive needs yard, and failure to comply may result in discipline. (*Id.*) Plaintiff alleges that this transfer is placing his life in imminent danger. (*Id.*)

Plaintiff's complaint does not adequately allege that there is a real and imminent threat to Plaintiff's personal safety. As described above, Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin,* 319 F.3d at 1050. Plaintiff has provided no such allegations in this case. Plaintiff's complaint does not include any factual allegations to support the conclusory allegations that he is in danger, or that there are no procedures in place to protect him.

As Plaintiff is a "three-striker" and does not appear to have been in imminent danger when he filed this action, the Court will recommend that Plaintiff be required to pay the $402 filing fee in full if he wants to proceed with the action.

## IV.     CONCLUSION, RECOMMENDATIONS, AND ORDER

The Court finds that under § 1915(g) Plaintiff may not proceed *in forma pauperis* in this action.

Accordingly, it is HEREBY RECOMMENDED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff not be allowed proceed *in forma pauperis* in this action; and
2. Plaintiff be directed to pay the $402.00 filing fee in full if he wants to proceed with this action.

4

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated: __**March 1, 2022**__                    /s/ Erica P. Grosjean
                                                                   UNITED STATES MAGISTRATE JUDGE