UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH RAYMOND MCCOY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KATHILEEN ALISON, et al.,<br><br>　　　　Defendants. | No.  1:22-cv-00234 JLT EPG (PC)<br><br>AMENDED ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS AND DIRECTING PLAINTIFF TO PAY THE $402.00 FILING FEE IN FULL<br><br>(Doc. 6) |

　　　　The assigned magistrate judge issued Findings and Recommendations, recommending that Plaintiff not be allowed to proceed *in forma pauperis*. (Doc. 6.) The magistrate judge found Plaintiff is subject to the three strikes bar under 28 U.S.C. § 1915(g). (*Id.* at 2-3.) The magistrate judge also found the allegations in Plaintiff's complaint do not satisfy the "imminent danger of serious physical injury" exception to Section 1915(g). (*Id.* at 3-4.) Therefore, the magistrate judge recommended Plaintiff be directed to pay the filing fee in full to proceed with this action. (*Id.* at 4.)

　　　　The Findings and Recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within fourteen days from the date of service. (Doc. 6 at 5.) In addition, Plaintiff was "advised that failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014); *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991).) On March 21, 2021,

Plaintiff filed a motion requesting a fourteen-day extension of time to file his objections (Doc. 7), which was granted the extension on March 22, 2022 (Doc. 8).

In his objections, Plaintiff does not deny the findings of the magistrate judge related to the number of cases he previously filed that counted as "strikes." Instead, Plaintiff maintains he satisfies an exception to the three- strikes rule for imminent danger. (Doc. 10 at 2-3.) In support of this assertion, Plaintiff contends he may be transported from general population to the special needs yard, which he believes is cruel and unusual punishment under the Eighth Amendment. (*Id*.) Importantly, the imminent danger exception requires a showing that the prisoner "is under imminent danger of *serious physical injury*." 28 U.S.C. § 1915(g) (emphasis added); *see also Ray v. Lara* 2022 U.S. App. LEXIS 9615 at *19 (9th Cir. April 11, 2022) ("in order to qualify for the § 1951(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court"). As the magistrate judge determined, there is no explanation as to how transportation to the special needs yard presents an imminent danger of physical harm to Plaintiff. Consequently, Plaintiff does not carry the burden to show he qualifies for the exception identified in Section 1915(g).

According to 28 U.S.C. § 636(b)(1)(C), this Court conducted a *de novo* review of this case. Having carefully reviewed the entire matter, the Court concludes the Findings and Recommendations are supported by the record and by proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations entered on March 1, 2022 (Doc. 6), are **ADOPTED** in full.
2. Pursuant to 28 U.S.C. § 1915(g), Plaintiff is not permitted to proceed *in forma pauperis* in this action.
3. Within 30 days from the date of service of this order, Plaintiff **SHALL** pay in full the $402.00 filing fee for this action; and

///

///

4. <u>Plaintiff' is advised that failure to pay the required filing fee as ordered will result in the dismissal of this action without prejudice.</u>

IT IS SO ORDERED.

Dated: **April 13, 2022**

*Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE